STATE, EX REL. ENGELMAN, APPELLANT, *v.* GERTZ, MAYOR, ET AL., APPELLEES.

(No. 7946—Decided September 7, 1954.)

*Mr. Robert G. McIntosh,* for appellant.

*Mr. Benjamin S. Schwartz,* for appellee Harvey Boileau.

*Per Curiam.* Relator filed his petition in the Court of Common Pleas of Hamilton County, seeking a writ of mandamus directed against the Civil Service Commission of the City of Reading and the appointing authority, consisting of the mayor and director of public safety, to require them to certify relator as having the highest rating among an eligible list of five taking the promotional examination for the position of chief of police, to appoint him to such position, and to remove defendant Boileau, now holding the provisional appointment, for the reason that a mistake in addition on relator's grade sheet reveals, upon correction, that he received a higher grade than Boileau and, hence, is entitled to the appointment.

From the record, the trial court stated it was unable to find that relator was the sole person eligible for appointment and denied the writ. The appeal is here on questions of law.

Consistent with Section 143.24, Revised Code, the

city sought to fill the vacancy in the office of chief of police in the classified service by competitive promotional examination. That section provides in part:

"The method of examinations for promotions, the manner of giving notice thereof, and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided in Sections 143.01 to 143.48, inclusive, of the Revised Code."

Section 143.16, Revised Code, provides that examinations for positions in the classified service shall be written, or written and oral, but provides otherwise for promotional examinations, in that promotional examinations "shall be in writing."

Reference to the five exhibits consisting of the civil service grade sheet for each of the five persons taking the examination and forming the eligible list shows that the examination as conducted was both written and oral, and a credit for oral examination appears on each exhibit.

It is therefore certain that the civil service commission violated the plain and mandatory provisions of Section 143.16, Revised Code, with reference to promotional examination, "which shall be in writing."

We, therefore, consider the examination as held here to be null and void, that no eligible list was created thereby, and that any certification and appointment made pursuant thereto is of no force and effect in law.

For the above reasons, the relator is not entitled to the relief prayed for.

The judgment of the Court of Common Pleas is, therefore, affirmed.

*Judgment affirmed.*

Matthews, P. J., Ross and Hildebrant, JJ., concur.